**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL E. PARRIS,<br><br>  Petitioner - Appellant,<br><br>  v.<br><br>D. K. SISTO; ATTORNEY GENERAL<br>OF THE STATE OF CALIFORNIA,<br><br>  Respondents - Appellees. | No. 09-15498<br><br>D.C. No. 2:08-cv-00316-WBS<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

SMS/Research

California state prisoner Samuel E. Parris appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Parris contends that several extraordinary circumstances prevented his timely filing of a federal habeas petition and that equitable tolling was warranted. The district court did not err when it dismissed Parris' habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). Parris is not entitled to equitable tolling because he has failed to show that he had been pursuing his rights diligently and that extraordinary circumstances prevented him from timely filing his federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The district court also did not abuse its discretion when it declined to hold an evidentiary hearing regarding Parris' assertions of diligence and mental incapacity because the record is sufficiently developed to allow this Court to evaluate Parris' arguments. *See Williams v. Woodford*, 384 F.3d 567, 591 (9th Cir. 2004) (holding that an evidentiary hearing is not warranted where "the documentary evidence submitted fully presented the relevant facts of [petitioner's] claim" and where an evidentiary hearing "would not offer any reasonable chance of altering [the district court's] view of the facts.").

**AFFIRMED.**